In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00104-CR


______________________________




DONALD GENE FLINT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


 Bowie County, Texas


Trial Court No. 06F0023-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Donald Gene Flint appeals from his jury convictions of one count of aggravated sexual
assault of a child and three counts of indecency with a child/sexual contact. The sentences were
imposed March 6, 2008. Flint filed a motion for new trial April 15, 2008, and his notice of appeal
was filed May 29, 2008. 

 According to Rule 21.4, Flint had thirty days after the day sentence was imposed (1) to file his
motion for new trial. See Tex. R. App. P. 21.4. Because the thirtieth day fell on a Saturday, Flint
had until the following Monday, April 7, 2007, to file a motion for new trial. See Tex. R. App. P.
4.1. The motion for new trial was filed on April 15. (2) The motion for new trial was untimely. Flint
was thus required to file his notice of appeal within thirty days of the date sentence was imposed. 
See Tex. R. App. P. 26.2(a)(1). Because the notice of appeal was not filed within thirty days of the
date sentence was imposed, this appeal is untimely and we are without jurisdiction to hear this case. 
See Tex. R. App. P. 21.4, 26.2(a).

 We dismiss this appeal for want of jurisdiction. 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 9, 2008

Date Decided: July 10, 2008


Do Not Publish


1. The timetable for filing a motion for new trial or a notice of appeal begins when sentence
is imposed in open court. Tex. R. App. P. 21.4. Counsel states in the motion for new trial: "The
Defendant was sentenced on March 17, 2008. This Motion, filed within the thirty-day timetable, is
therefore timely." The judgment was signed March 17; however, sentence was imposed March 6,
2008. Therefore, the motion for new trial was untimely. 
2. The certificate of service on the motion for new trial is also dated April 15. Therefore, the
mailbox rule does not apply. See Tex. R. App. P. 9.2(b).


ed with this Court, and she has not filed a brief. On July 17, 2006, we contacted Peoples
by letter, giving her an opportunity to cure the various defects, and warning her that, if we
did not receive an adequate response within ten days, this appeal would be subject to
dismissal for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 
          We have received no communication from Peoples. Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 22, 2006
Date Decided:         August 23, 2006